**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IBETH C. CORRAL, AKA Ibeth Christina Corral, | No.    18-70985 |
| Petitioner, | Agency No. A095-343-778 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020**

Before:    BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Ibeth C. Corral, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen her

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen, and we review de novo

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in part and grant in part the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen as untimely. *See* 8 C.F.R. § 1003.2(c)(2)-(3).

In reviewing the BIA's decision not to reopen Corral's proceedings sua sponte, our jurisdiction is limited to "reviewing the reasoning behind the decision[] for legal or constitutional error." *Bonilla*, 840 F.3d at 588. It appears the BIA erred in concluding Corral was statutorily ineligible for cancellation of removal based on her failure to comply with her grant of voluntary departure, where her prior petition for review would have automatically terminated her grant of voluntary departure. *See Garfias-Rodriguez v. Holder*, 702 F.3d 504, 523-25 (9th Cir. 2012) (recognizing that 8 C.F.R. § 1240.26(i) automatically terminates a grant of voluntary departure when an alien files a petition for review); 8 C.F.R. § 1240.26(i) (stating "the penalties for failure to depart voluntarily . . . shall not apply to an alien who files a petition for review"). We remand for the BIA to consider whether it erred as to Corral's eligibility, and if so, to reassess Corral's request for sua sponte reopening. *See Bonilla*, 840 F.3d at 588 ("If, upon exercise of its jurisdiction, this court concludes that the Board relied on an incorrect legal premise, it should remand to the BIA so it may exercise its authority against the correct legal background." (citation and internal quotation marks omitted)).

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**